The order below is hereby signed.

Signed: November 16 2011



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
CHARLES R. SAVAGE-EL and      )   Case No. 02-00413
ALBERTA V. SAVAGE-EL,         )   (Chapter 7)
                              )   **Not for Publication in**
               Debtors.       )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
<u>APPLICATION FOR RELEASE OF UNCLAIMED FUNDS</u>

On November 1, 2011, David Lawrence, President of National Asset Locators ("NAL"), acting on behalf of JOGG, LLC, filed an application for release of unclaimed funds in the amount of $15,904.44. The chapter 7 trustee in the above-captioned bankruptcy case distributed the $15,904.44 dividend by check to JOGG, LLC, but the check remained unpaid ninety days after the final distribution. Accordingly, the chapter 7 trustee deposited the funds into the court's registry.

In his application, Mr. Lawrence represents that the check went uncashed because it was sent to the wrong address. Mr. Lawrence further certifies that no check was received or deposited from the court, the debtors, or anybody else, in satisfaction of this debt. Finally, Mr. Lawrence represents that

no account record regarding the amounts owed on the debt was maintained.

As a preliminary matter, the court notes that any affidavit addressing whether JOGG, LLC has a present-day entitlement to the unclaimed funds should be made by someone with first-hand knowledge of the facts being sworn to, such as a representative of JOGG, LLC or a custodian of records, not an attorney-in-fact who is simply authorized to pursue claims for unclaimed funds of JOGG, LLC's behalf.

Even if the court were to accept Mr. Lawrence's sworn statement in support of the application, however, his certification fails adequately to demonstrate that JOGG, LLC has a present-day entitlement to these funds.  The burden is on NAL to demonstrate that JOGG, LLC has a present-day entitlement to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965).  Although Mr. Lawrence's application represents that "no check" was received from the debtor, the court, or anyone else, the creditor could have enforced a lien on non-estate property or a right of setoff to satisfy the obligation. Moreover, if the creditor has no records reflecting that the debt was never paid, how can anyone certify that the debt was never paid?  It is thus

ORDERED that the application for release of unclaimed funds (Dkt. No. 75) is DENIED without prejudice to the filing of a

2

renewed application that includes an affidavit, satisfactory to

the court, demonstrating JOGG, LLC's present day entitlement to

the unclaimed funds.


                                    [Signed and dated above.]

Copies to:

David Lawrence
National Asset Locators
70 SW Century Dr, #100-177
Bend, Oregon 97702